**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Grain Incorporated, et al., | No. CV-18-03371-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Barkley Ag Enterprises LLC, et al., | |
| Defendants. | |
| Northern Agri Brands, LLC, | |
| Counterclaim Plaintiff, | |
| v. | |
| Arizona Plant Breeders, Inc., et al., | |
| Counterclaim Defendants. | |
| Northern Agri Brands, LLC, | |
| Third-Party Plaintiff, | |
| v. | |
| Eric Wilkey, et al., | |
| Third-Party Defendants. | |

Pending before the Court is a Motion by Counterclaim Defendants Arizona Plant Breeders, Inc. and Arizona Grain, Inc. (jointly, "APB"), as well as APB's officers and directors and certain spouses, namely Eric Wilkey, Lisa Lynn Morris-Wilkey, K. Andrew

Kroese, William Ken Dickey, Russell S. Dickey, Erika Sahagun Dickey, and Tod V. Dickey (collectively, "Third-Party Defendants"; jointly with APB, "APB Defendants"), to Dismiss or, in the Alternative, for Judgment on the Pleadings on Counts VII and VIII of Counterclaims Asserted by Counterclaim Plaintiff Northern Agri Brands, LLC (NAB). (Doc. 106.) The Motion is granted.

## BACKGROUND

The factual background of this case was summarized in the Court's order on a prior motion to dismiss. (Doc. 62 at 2–5.) In that order, the Court dismissed with leave to amend NAB's unjust enrichment claim as to all Defendants; NAB had not yet alleged a violation of the Lanham Act. Following that order, NAB filed a Motion for Leave to Amend Second Amended Answer & Affirmative Defenses to First Amended Complaint & Counterclaims & Third-Party Complaint, (Doc. 84), which the Court granted, (Doc. 99).[1] In those Counterclaims, NAB realleged its unjust enrichment claim and added a claim for violation of the Lanham Act. Both claims were brought against all Defendants. Subsequently, Third-Party Defendant Lockwood Seed and Grain ("Lockwood," collectively with APB Defendants, "Defendants") filed a Motion to Dismiss for Failure to State a Claim on both claims, which the Court granted. This Motion followed. Arguing that the Court's reasoning for dismissing both the unjust enrichment claim and the Lanham Act claim is not specific to Lockwood, APB Defendants move to dismiss or, in the alternative, move for judgment on the pleadings on, those same claims—Counts VII (unjust enrichment) and VIII (violation of the Lanham Act).

## DISCUSSION

**I.  Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the

---

[1] The Third Amended Answer & Affirmative Defenses to First Amended Complaint & Counterclaims & Third-Party Complaint (collectively, "Third Amended Counterclaims") is filed at Doc. 103.

right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

## II.     Unjust Enrichment (Count VII)

In the Court's initial order addressing Defendants' Motion to Dismiss Count VII, the Court dismissed NAB's unjust enrichment claim as preempted by the AUTSA because "NAB relies heavily on fact allegations that are based on or rooted in misappropriation of trade secrets." (Doc. 62 at 18–19.) The Court reasoned that NAB had not provided any factual allegations in support of unjust enrichment that were unrelated to theft of its proprietary information, since NAB's claims were "based on APB and Lockwood's sale of RAPTOR triticale" coupled with RAPTOR's "genetic[] match[ with] NAB's SY 158T triticale variety." (Doc. 62 at 19.)

Subsequently, NAB filed its Third Amended Counterclaims. As in its initial counterclaims, NAB alleged that "Counterclaim Defendants and Third-party Defendants were enriched by their acquisition and use of NAB's triticale germplasm" and "pedigree information concerning NAB's products," and that NAB was damaged by "Counterclaim Defendants and Third-party Defendants' acquisition and use of NAB's triticale germplasm, pedigree information concerning NAB's products, and other proprietary triticale breeding information." (Doc. 25 at 34; Doc. 78 at 36.) In its Third Amended Counterclaims, however, NAB caveated these allegations to "the extent any germplasm, pedigree and breeding information is found not to rise to the level of a trade secret." (Doc. 78 at 36.) Lockwood again filed a Motion to Dismiss the unjust enrichment claim. (Doc. 68.) In granting that Motion, the Court found that the additional support NAB added to the Third

Amended Counterclaims "d[id] not alter the Court's prior analysis." (Doc. 99 at 7.)

APB Defendants argues that the Court "should extend that reasoning to Defendants and dismiss Count VII as to all." (Doc. 106 at 6.) NAB, for its part, does not reference the Court's prior orders at all; however, it cites *Orca Communications Unlimited, LLC v. Noder*, 236 Ariz. 180, 337 P.3d 545 (2014), to argue that reliance on *Unisource Worldwide, Inc. v. Swope*, 964 F. Supp.2d 1050, 1057 (D. Ariz. 2013)—on which the Court relied in its order dismissing this claim as to Lockwood—is misplaced. In *Orca*, the Arizona Supreme Court held that the AUTSA does not "broadly displace[] all common-law claims for misuse of confidential information that do[] not fall within AUTSA's definition of 'trade secret'"; rather, according to the *Orca* court, the AUTSA "displaces only conflicting tort claims for 'misappropriation' of a 'trade secret,' terms AUTSA specifically defines, A.R.S. § 44–401(2), (4)." 236 Ariz. at 182, 337 P.3d at 547. The AUTSA thus leaves undisturbed claims "that are not based on misappropriation of a trade secret." *Id*. However, the *Orca* court noted that it would not decide "what aspects, if any, of the confidential information alleged in Orca's unfair-competition claim might fall within AUTSA's broad definition of 'trade secret' and therefore be displaced." *Id*. at 549. The inference to be drawn from that comment, the Ninth Circuit subsequently observed, "is that a claim for misappropriation of confidential information, though a separate tort cause of action, would be displaced to the extent that it fell within the trade secrets claims." *Universal Engraving, Inc. v. Metal Magic, Inc*., 602 F. App'x 367, 369 (9th Cir. 2015). In other words, "a claim that was encompassed by a claim for misappropriation of trade secrets would still be displaced even if it could be given a different label." *Id.*

The AUTSA defines a "trade secret" as

> information, including a formula, pattern, compilation, program, device, method, technique or process, that both:
> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
> (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

A.R.S. § 44-401. Citing various paragraphs in its Third Amended Counterclaims, NAB

- 4 -

argues that the Third Amended Counterclaims "allege[] . . . that APB benefitted by use of more than trade secrets that were taken from NAB." (Doc. 109 at 4.) The cited paragraphs describe Oly Cantu (a field technician with NAB's predecessor in interest, Syngenta) "secretly and without authority . . . remov[ing] a portion of triticale breeding materials, and related information contained within confidential breeding records covered by PVPA Certificate 201200083 and other triticale lines"; "t[aking] these materials to APB where he . . . used the materials to establish a directly competitive triticale breeding program founded upon Syngenta's triticale Breeding Materials, including APB's Raptor triticale product"; "secretly and without authority . . . remov[ing] awnless triticale seedstock, breeding lines, and parental lines having the genetic expressions and technology covered by the '219 patent"; and "misappropriat[ing] awned triticale seedstock, triticale breeding lines, and triticale lines that were in the process of being selected for stability and for release." (Doc. 103 at 25–26.)[2] Even if these claims could plausibly "be given a different label," *Universal Engraving*, 602 F. App'x at 369, each fits under the AUTSA's definition of trade secrets.

*TLX Inc. v. JetBlue Airways Corp.*, No. CV-19-04734-PHX-SMB, 2020 WL 364198 (D. Ariz. Jan. 22, 2020), is not to the contrary. In that case, the court found it "unlikely that Plaintiff's unfair competition claim encompasses only trade secret misappropriations." 2020 WL 364198 at *3. "Indeed," the court continued, "Plaintiff even argues its unfair competition claim is not based on trade secrets, but on JetBlue's decision to give TLX's direct competitor an unfair advantage by releasing TLX's confidential and proprietary bid to the direct competitor." *Id.* Thus, while the AUTSA "*would* preempt Plaintiff's unfair competition claim insofar as it is based solely on trade secret

---

[2] In its Response to APB Defendants' Motion to Dismiss, NAB claims that it alleged in the Third Amended Complaint that "in addition to trade secrets, materials taken by Mr. Cantu related to its triticale breeding program included know-how, technology, inventions, breeding materials, physical seed samples, research logs and notes, reserve seed stocks, progeny materials, breeder lots, restorer lines, maintainer lines, hybrid components, licenses and technology agreements, contracts, Commercialized Varieties, PVPA applications and issued Certificates of Protection, patent applications and issued patents." (Doc. 109 at 4.) However, the Third Amended Complaint states only that these items were encompassed in Syngenta's 2015 sale of all right, title, and interest in its entire triticale breeding program and accompanying germplasm to NAB. The Complaint does not mention Cantu's alleged theft in that context.

- 5 -

misappropriation, the Plaintiff's disclosed 'bid' or other information at issue does not appear to fall within AUTSA's very specific definition of a 'trade secret.'" *Id.* (emphasis added). Unlike in *TLX*, the allegations supporting NAB's unjust enrichment claim encompass only allegations of trade secret misappropriations. NAB has failed to identify any allegation in its Third Amended Counterclaims that falls outside the AUTSA definition of a trade secret. This claim is therefore preempted as to all Defendants.

### III.  Violation of the Lanham Act (Count VIII)

In the Court's prior order addressing Lockwood's Motion to Dismiss for Failure to State a Claim, the Court found the Lanham Act "inapplicable" to Lockwood, where "NAB alleges that Lockwood 'cop[ied NAB's] intellectual property,' . . . by 'directing APB/Arizona Grain . . . to advance the development of up to four (4) new triticale cultivars . . . some of which contained the legally protected germplasm of NAB,' (Doc. 84-1 at 23), and by selling a seed variety created from NAB's misappropriated confidential and/or trade secret breeding information," (Doc. 99 at 8), because the Lanham Act "does not exist to reward manufacturers for their innovation in creating a particular device; that is the purpose of the patent law and its period of exclusivity," *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003).

NAB makes no attempt to distinguish the Court's prior decision on the facts; rather, NAB advances a different legal interpretation of *Dastar Corporation.* The Court stands by its previous analysis. The Lanham Act prohibits misleading representations regarding "the producer of the tangible goods that are offered for sale" but not misrepresentations regarding "the author of any idea, concept, or communication embodied in those goods." *Dastar Corp.*, 539 U.S. at 37. NAB alleges that "APB has been and is continuing to claim SY 158T as its own and . . . sell SY 158T under the Raptor name in the triticale market" and that "RAPTOR triticale is the same variety as NAB's SU 158T," as determined by observation of their "identical characteristics" and "genetic[] match[ing]." (Doc. 103 at 26–27). NAB thus does not allege that APB sold NAB's actual product repackaged, but rather that APB used NAB's product to create an identical product, RAPTOR, that

- 6 -

"displays specific traits in the form of SY 158T." (Doc. 109 at 8.) The Court finds no legal distinction between NAB's claims against Lockwood and APB Defendants on this point, and accordingly dismisses this claim as to all Defendants.

**IT IS THEREFORE ORDERED** that APB Defendants' Motion to Dismiss or, in the Alternative, for Judgment on the Pleadings on Counts VII and VIII of Counterclaims Asserted by Counterclaim Plaintiff Northern Agri Brands, LLC, (Doc. 106), is **GRANTED.** NAB's claims for unjust enrichment (Count VII) and a violation of the Lanham Act (Count VIII) are dismissed as to all Defendants with prejudice.

Dated this 30th day of July, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge