**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Grain Incorporated, et al., | No. CV-18-03371-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Barkley Ag Enterprises LLC, et al., | |
| Defendants. | |
| Northern Agri Brands, LLC, | |
| Counterclaim Plaintiff, | |
| v. | |
| Arizona Plant Breeders, Inc., et al., | |
| Counterclaim Defendants. | |
| Northern Agri Brands, LLC, | |
| Third-Party Plaintiff, | |
| v. | |
| Eric Wilkey; et al., | |
| Third-Party Defendants. | |

Pending before the Court is Northern Agri Brands' ("NAB") Motion for Protective Order. (Doc. 140.) For the following reasons, the Motion is denied.

**BACKGROUND**

On March 8, 2021, counsel for Arizona Plant Breeders, Inc. and Arizona Grain, Inc. (collectively, "APB") took the deposition of Ted Rogers, the Executive Vice President of Northern Agri Holdings. (Doc. 141 at 1.) During the deposition, APB's counsel learned that Mr. Rogers was present for an interview between NAB's counsel and Modan Das, a former manager and plant scientist for NAB's predecessor-in-interest. *Id.* APB's counsel asked Mr. Rogers "what Mr. Das said during the course of [the interview]." (Doc. 140-1 at 87.) NAB's counsel objected to the question on the grounds of work-product privilege. *Id.* NAB now moves for a protective order, seeking to protect NAB's counsel's interview of Mr. Das, inclusive of both questions and responses, from inquiry. (Doc. 140 at 7.)

**DISCUSSION**

**I.     Legal Standard**

The Federal Rules of Civil Procedure provide that upon a showing of "good cause," the Court may issue a protective order "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1)(D). The party seeking a protective order "bears the burden of showing . . . that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

**II.    Analysis**

The work product doctrine at its core "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975); *see Hickman v. Taylor*, 329 U.S. 495 (1947). The work product doctrine is partially codified in Federal Rule of Civil Procedure 26, which states that a party may not discover "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Where, as here, a party seeks to protect intangible work product, Rule 26(b)(3)'s requirements do not apply. Instead, the common law work

product protection extends to intangible information when necessary to "shield an attorney's mental impressions from discovery." *Cont'l Cirs. LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1024 (D. Ariz. 2020). Generally, discoverable facts are not protected by the work product doctrine. *See Hickman*, 329 U.S. at 507–08.

Mr. Rogers' recollection of Mr. Das' statements during the interview is not protected by the work-product doctrine. Concluding otherwise would broaden the rule beyond its intended purpose. Unlike NAB's Counsel's questions, Mr. Das' answers are not sufficiently tied to an attorney's mental processes to warrant protection. *See Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST (SK), 2019 WL 3815719, at *3 (N.D. Cal. Apr. 19, 2019) ("Although the answers might shed light on the questions, the answers do not go to the 'core' of the attorneys' mental processes."); *see also Williams v. Nex-Tech Wireless, LLC*, No. 15-4888-SAC, 2016 WL 11468886, at *3 (D. Kan. Aug. 19, 2016) (finding that defense counsel "had no basis to direct Ms. Boland not to answer the questions seeking facts that were discovered during the interview"); *United States v. Int'l Bus. Machs. Corp.*, 79 F.R.D. 378, 380 (S.D.N.Y. 1978). Accordingly, NAB's motion is denied.

## CONCLUSION

As the information APB seeks to elicit is not protected by the work-product doctrine, NAB's motion is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Northern Agri Brands' Motion for Protective Order (Doc. 140) is **DENIED.** APB may recommence the deposition of Ted Rogers for the purpose of asking Mr. Rogers about his recollection of the facts stated by Mr. Das during the interview.

Dated this 21st day of July, 2021.

_____
G. Murray Snow
Chief United States District Judge