WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Grain Incorporated, et al., | No. CV-18-03371-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Barkley Ag Enterprises LLC, et al., | |
| Defendants. | |
| Northern Agri Brands, LLC, | |
| Counterclaim Plaintiff, | |
| v. | |
| Arizona Plant Breeders, Inc., et al., | |
| Counterclaim Defendants. | |
| Northern Agri Brands, LLC, | |
| Third-Party Plaintiff, | |
| v. | |
| Eric Wilkey; et al., | |
| Third-Party Defendants. | |

Pending before the Court is Northern Agri Brands, LLC's ("NAB") Motion for Leave to File Its Fourth Amended Answer & Affirmative Defenses to First Amended

Complaint & Counterclaims & Third-Party Complaint. (Doc. 144.) Also before the Court are NAB's motions to seal. (Docs. 145, 156, 159.) For the following reasons, the motion for leave to amend is granted in part and denied in part; the motion to seal the Fourth Amended Answer is granted in part and denied in part; and the motions to seal Exhibit F and NAB's reply are granted.

## BACKGROUND

NAB is a seed company with an internal research and development division that sells seed products to farms. Several of NAB's seed products are varieties of triticale, a hybrid of wheat and rye. Defendants Arizona Plant Breeders, Inc. and Arizona Grain, Inc. (collectively, "APB") also produce triticale. In 2015, NAB observed awnless triticale varieties in various stages of growth and development in APB test plots. NAB became concerned that the awnless triticale varieties observed in APB plots were either (1) the product of unauthorized use of NAB's breeding materials and other patented awnless triticale varieties that were misappropriated by Oly Cantu prior to his departure from Syngenta, NAB's predecessor-in-interest, or (2) the product of APB's unauthorized and illegal efforts to breed against NAB's patented awnless triticale varieties, or (3) both.

APB filed suit against NAB in October 2018. (Doc. 1.) The First Amended Complaint, filed in March 2019, requested declaratory judgments that APB had not infringed the Plant Variety Protection Act ("PVPA") or misappropriated trade secrets and alleged tortious interference with prospective business relations, unfair competition, aiding and abetting tortious conduct, and civil conspiracy. (Doc. 16.) In April 2019, NAB filed its Answer, Counterclaim, and Third-Party Complaint. (Doc. 25.) NAB has amended this filing three times. (Docs. 63, 74, 103.) The Third Amended Counterclaim asserted eight claims for relief: infringement of PVPA Certificate No. 201200083; infringement of the '219 patent; trade secret misappropriation under Arizona, California, and federal law; conversion; unjust enrichment; and Lanham Act violation. (Doc. 103.) In August 2020, the Court dismissed the unjust enrichment and Lanham Act claims. (Doc. 117.)

NAB now moves for leave to amend for the fourth time. (Doc. 144.) Since NAB's

filing for leave to amend, the Court dismissed all claims against Third-Party Defendant Lockwood Seed and Grain ("Lockwood"). (Doc. 179.)

Additionally, NAB filed a motion to seal the proposed Fourth Amended Counterclaim and accompanying exhibits. (Doc. 145.) NAB then filed notice that it was withdrawing the confidentiality designation of Exhibits C, D, E, G, H, and I lodged under seal. (Doc. 154.) NAB further clarified that what remains to be decided in Doc. 145 is whether Exhibit F, Exhibit J, and paragraphs 80 to 91 of the proposed Fourth Amended Counterclaim should be filed under seal. (Doc. 155.) NAB also moves to seal its reply to the motion to amend. (Doc. 159.)

## DISCUSSION

### I. Motions to Seal

#### a. Legal Standard

A party seeking to seal portions of a pleading must "articulate [ ] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal citations and quotations omitted). The court must "balance [ ] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 179 (internal citations and quotations omitted).

A good cause standard, on the other hand, applies to documents attached to non-dispositive motions because such documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (internal quotations and citation omitted). "Generally, a motion for leave to amend the pleadings is considered non-dispositive." *U.S. for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-CV-1602

JCM (EJY), 2020 WL 3643431, at *2 (D. Nev. July 6, 2020) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996)).

### b. Analysis

Exhibit F, Exhibit J, and paragraphs 80 to 91 of the proposed Fourth Amended Counterclaim refer to information that is non-public and designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Court's protective order, (Doc. 46). Accordingly, the Court grants NAB's motion to seal Exhibit F, Exhibit J, and paragraphs 80 to 91. Additionally, as there is good cause appearing, NAB's motion to seal its reply is granted. (Doc. 159.)

## II. Motion to Amend[1]

### a. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when "justice so requires." Fed. R. Civ. P. 15(a). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Leave to amend lies within "the sound discretion of the trial court"; however, this Circuit has instructed that Rule 15's policy favoring amendment "should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The party opposing amendment bears the burden of establishing futility or one of the other permissible reasons for denying a motion to amend. *Angel Jet Servs., L.L.C. v. Raytheon Health Benefits Plan*, No. 2:10-CV-01385-PHX-JAT, 2011 WL 744917, at *2 (D. Ariz. Feb. 25, 2011).

### b. Analysis

#### 1. Undue Delay

In evaluating undue delay, courts not only inquire into whether the motion was filed

---

[1] As Lockwood is dismissed from this action, leave to amend is denied as moot to the extent that the amendments assert claims against Lockwood.

- 4 -

within the time allotted in a Rule 16 scheduling order, but also inquire into "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp.*, 465 F.3d at 953 (internal quotations and citation omitted). The Ninth Circuit has made it clear that "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)). "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (quoting *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973)).

NAB filed leave for amend on March 23, 2021, the last day allotted for amended pleadings in the case management order. (Doc. 126.) NAB's timely filing weighs against a finding of undue delay. *See, e.g.*, *Toungate v. Konica Minolta Bus. Sols., USA, Inc.*, No. C08-0423RL, 2009 WL 596597, at *6 (W.D. Wash. Mar. 9, 2009) ("Although the manner in which plaintiffs have chosen to pursue their case is inefficient and somewhat befuddling, the Court cannot say that the delay is undue since they have met the Court-imposed deadline."). Furthermore, APB has not shown that the facts and theories raised in the amendments could have been brought earlier. NAB argues that it could not have brought its new claims earlier because the facts supporting the new claims were discovered during depositions taken in February and March 2021. (Doc. 144 at 3.) NAB asserts that, during the depositions, it learned that APB cannot establish proper acquisition of NAB's varieties, which provides support for its PVPA infringement claims and breach of contract claim, and discovered the true filing date for APB's APB249 PVPA application, which provides support for its PVP Certificate No. 202000153 and false marking claims. (Doc. 160 at 12–13.) APB has not shown that the documents it previously disclosed, or NAB's own documents, would have necessarily contained this information. Accordingly, APB fails to show undue delay.

### 2. Undue Prejudice

Substantial prejudice exists where the proposed amendments "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). "Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Tyco Thermal Controls LLC v. Redwood Indus.*, No. C 06-07164 JF (RS), 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009); *see also Dep't of Fair Emp. & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013) ("Ninth Circuit case law indicates that prejudice may effectively be established by demonstrating that a motion to amend was made after the cutoff date for such motions, or when discovery had closed or was about to close.").

As mentioned above, NAB filed for leave to amend prior to the cutoff date for amending pleadings. NAB also filed for leave to amend about two months prior to the close of discovery. (Doc. 123.) Other than conclusory assertions that the new claims will significantly prolong the litigation and potentially force APB to redo discovery, APB does not provide further detail. Additionally, APB has not shown that it was completely without notice regarding the nature of the proposed claims. NAB's discovery requests indicated its interest in the sourcing of APB's genetic material. (Doc. 160 at 9.) Accordingly, APB fails to show substantial prejudice.

### 3. Futility

"[L]eave to amend may be denied . . . if amendment of the complaint would be futile." *Dakota Territory Tours ACC v. Sedona-Oak Creek Airport Auth. Inc.*, 383 F. Supp. 3d 885, 899 (D. Ariz. 2019) (quoting *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)). "A proposed amendment is futile if it fails to state a cognizable claim and would be subject to dismissal under Rule 12(b)(6)." *Simms v. DNC Parks & Resorts at Tenaya, Inc.*, No. 1:13-CV-2075 SMS, 2015 WL 1956441, at *2 (E.D. Cal. Apr. 29, 2015) (citing *Cervantes*

*v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011)).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678. In the futility context, however, all inferences should be made in favor of granting leave to amend. *Angel Jet Servs.*, 2011 WL 74417, at *2 (citing *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir.1999)).

### A. PVPA Infringement Claims

APB fails to show that the PVPA infringement claims are futile on the grounds of statute of limitations or because the PVPA's research exemption applies. First, 7 U.S.C. § 2566(a), which APB relies on for its statute of limitations argument, does not bar NAB from asserting the infringement claims. 7 U.S.C. § 2566(a) is titled "[t]ime limitation on damages" and provides that "[n]o recovery shall be had for that part of any infringement committed more than six years (or known to the owner more than one year) prior to the filing of the complaint or counterclaim for infringement in the action." Although this section may limit the amount of damages NAB can recover, it does not set a time limit on when NAB may bring the infringement claims.

Further, NAB plausibly claims that the research exemption does not apply here. 7 U.S.C. § 2544 states that "[t]he use and reproduction of a protected variety for plant breeding or *other bona fide* research shall not constitute [ ] infringement." (emphasis added). NAB alleges that "all of the breeding materials used in APB's triticale breeding program were not properly, nor legally obtained." (Doc. 147 ¶ 107.) As NAB alleges that APB's actions in connection with its breeding program were not bona fide, it is plausible

that the research exemption does not bar NAB's infringement claims.

### B. Breach of Contract

In its proposed breach of contract claim, NAB alleges that, to the extent APB properly acquired the Syngenta triticale seed and germplasm, it was purchased pursuant to terms of use on the seed bag and that the terms of use prohibit use for any purpose other than growing a single forage crop. *Id.* ¶¶ 184–86. NAB asserts that APB violated the terms of use by using the seeds and germplasm in their triticale breeding program. *Id.* ¶ 190. Drawing all reasonable inferences in favor of NAB, NAB plausibly states a claim for breach of contract. Additionally, APB does not establish whether this claim is time barred. Accordingly, APB fails to show futility.

### 4. Bad Faith

"A motion to amend is made in bad faith where there is 'evidence in the record which would indicate a wrongful motive' on the part of the litigant requesting leave to amend." *Nutrition Distrib., LLC v. Enhanced Athlete, Inc.*, No. 2:17-cv-01491-TLN-KJN, 2019 WL 1429549, at *2 (E.D. Cal. Mar. 29, 2019) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)). For instance, bad faith is shown when "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999).

As discussed above, the Court does not find NAB's additional claims to be without legal basis or that APB is completely without notice of the content of the amendments. Additionally, APB's assertions that NAB's amendments are part of "NAB's ultimate goal of disrupting APB's competing triticale program" are not enough to establish bad faith. (Doc. 151 at 4.)

### CONCLUSION

For the reasons provided above, NAB's motion for leave to amend is granted, except for proposed amendments related to Lockwood. To the extent these amendments require additional discovery or alterations to the case management order, the parties may move to amend the case management order. Additionally, paragraphs 80 to 91 of the proposed

Fourth Amended Counterclaim, Exhibit F, Exhibit J, and NAB's reply will be sealed. Accordingly,

**IT IS THEREFORE ORDERED** that Northern Agri Brands, LLC's Motion for Leave to File Its Fourth Amended Answer & Affirmative Defenses to First Amended Complaint & Counterclaims & Third-Party Complaint (Doc. 144) is **GRANTED** in part and **DENIED** in part. The motion is denied as moot to the extent that it brings additional claims against Lockwood Seed and Grain. NAB shall file and serve the Fourth Amended Answer & Affirmative Defenses & Counterclaims & Third-Party Complaint within fourteen (14) days of the filing of this Order.

**IT IS FURTHER ORDERED** that Northern Agri Brands Motion for Leave to File Its Fourth Amended Answer & Affirmative Defenses to First Amended Complaint & Counterclaims & Third-Party Complaint and Exhibits C through J Under Seal (Doc. 145) is **GRANTED** in part and **DENIED** in part as follows:

1. Northern Agri Brands shall publicly file its Fourth Amended Counterclaim with all Exhibits, including Exhibits C through J in redacted form, on or before **4:00 p.m. on July 26, 2021**.
2. The Clerk of Court is directed to file under seal lodged Docs. 146 and 147.

**IT IS FURTHER ORDERED** that Northern Agri Brands, LLC's Motion for Leave to File Exhibit F Under Seal in Support of Its Fourth Amended Answer & Affirmative Defenses to First Amended Complaint & Counterclaims & Third-Party Complaint (Doc. 156) is **GRANTED.** The Clerk of Court is directed to file under seal lodged Doc. 157.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Northern Agri Brands, LLC's Motion for Leave to File Its Reply Re Its Motion for Leave to File Its Fourth Amended Answer & Affirmative Defenses to the First Amended Complaint & Counterclaims & Third-Party Complaint and Exhibits K-V Under Seal (Doc. 159) is **GRANTED.** The Clerk of Court is directed to file under seal lodged Doc. 160.

Dated this 23rd day of July, 2021.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge