WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Grain, Incorporated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Barkley Ag Enterprises LLC, et al., <br><br> Defendants. | No. CV-18-03371-PHX-GMS <br><br> **ORDER** |

Before the Court is Barkley Ag Enterprises, LLC and Barkley Seed, Incorporated's ("Defendants") Rule 12(b)(1) Motion to Dismiss Count I of the First Amended Complaint (Docs. 223, 224), Defendants' Motion for Leave to File Motion Regarding Attorneys' Eyes Only Designation and Declaration of Emma Cone-Roddy Under Seal (Doc. 217), Defendants' Motion for Leave to File Reply in Support of Motion Regarding Attorneys' Eyes Only Designation Under Seal (Doc. 236), and Defendants' Motion for Extension of Time to File Response to APB's Motion to Voluntarily Dismiss (Doc. 220). Also before the Court is Arizona Grain, Incorporated and Arizona Plant Breeders, Incorporated's ("Plaintiffs") Motion to Dismiss Action Pursuant to Fed. R. Civ. P. 41(A)(2) (Doc. 215), Plaintiffs' Motion for Leave to File Response in Opposition to Defendants' Motion Regarding Attorneys' Eyes Only Designation and Declaration of Eric Wilkey Under Seal (Doc. 229), Plaintiffs' Partially Unopposed Motion for Extension of Time to Submit Claim Construction Briefing (Doc. 171), and Plaintiffs' Motion to Extend Fact Discovery

Deadline or, in the Alternative, for Status Conference (Doc. 174).

## BACKGROUND

The Court presumes the parties are familiar with the facts and procedural history that give rise to the present motions, and which are summarized in prior orders. (Doc. 62; Doc. 117). On October 5, 2021, the Court granted the parties' stipulation to dismiss former defendant Northern Agri Brands, LLC ("NAB"). (Doc. 210.) NAB has been assigned all rights under the Plant Variety Protection Act ("PVPA") in SY 158T, a variety of a wheat-rye hybrid known as triticale. (Doc. 223 at 2.) Defendants, who remained in the case following the stipulation, hold an exclusive license to grow and distribute SY 158T in Arizona and California. (Doc. 223 at 3.) Plaintiffs sell another triticale variety, ABP249. In Count One of their First Amended Complaint ("FAC"), Plaintiffs seek a declaratory judgment under the PVPA that ABP249 does not infringe on any rights Defendants or NAB might hold in SY 158T. (Doc. 16 at 8). Defendants now move to dismiss Count One of the FAC, arguing the Court lacks subject matter jurisdiction to grant the requested relief because NAB has been dismissed. (Doc. 223.)

## DISCUSSION

**I.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for lack of subject matter jurisdiction. Such a motion may be heard at "any time," because "[i]f the court determines . . . it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Abcarian v. Levine*, 972 F.3d 1019, 1029 n.6 (9th Cir. 2020).

Since federal courts are courts of limited jurisdiction, a plaintiff must have standing to sue in order to satisfy Article III's requirement that federal courts hear only cases or controversies. *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011). "Standing is a necessary element of federal-court jurisdiction." *City of S. Lake Tahoe v. Cal. Tahoe Reg'l Plan. Agency*, 625 F.2d 231, 233 (9th Cir. 1980).

Assuming a plaintiff has standing to sue, federal courts retain original jurisdiction

over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and exclusive jurisdiction over "any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights, and trademarks." *Id.* § 1338(a).

If a district court determines it has original jurisdiction over one claim in an action, it may also exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). But "supplemental jurisdiction cannot exist without original jurisdiction." *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). If, at any point in the action, a court determines that it lacks jurisdiction over the federal claim, it loses the "authority to adjudicate supplemental claims under § 1367" and must dismiss them. *Id.*

**II.  Analysis**

Nobody disputes that the Court no longer has jurisdiction over the sole federal claim in this action; the only dispute is *why*, and what should be done in response. The answer is clear: If the court no longer has jurisdiction, the action must be dismissed without prejudice.

Count One—the only claim in the FAC arising under the laws of the United States—seeks a declaration of non-infringement under the PVPA. (Doc. 16 at 8–9); 7 U.S.C. §§ 2321–2582. Since the "PVPA extends patent-like protection to novel varieties of sexually reproduced plants," *Asgrow Seed Co. v. Winterboer*, 513 U.S. 179, 181 (1995), courts turn to patent law when the PVPA is silent. *Syngenta Seeds, Inc. v. Delta Cotton Co-op, Inc.*, 457 F.3d 1269, 1276 (Fed. Cir. 2006). In patent actions, a plaintiff only has standing to bring a claim seeking declaratory judgment for noninfringement if the defendant would have standing to bring an action for infringement. *GoDaddy.com, LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2014 WL 7263537, at *3 (D. Ariz. Dec. 9, 2014); *see also Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1094 (Fed. Cir. 1998).

The parties agree that, after NAB's dismissal, Defendants would not have standing to bring an action for infringement against Plaintiffs. There are three general categories of potential plaintiffs in patent infringement suits. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). First, plaintiffs who hold "all legal rights to the patent as the patentee or assignee of all patent rights" have standing to sue for infringement in their own name.[1] *Id.* Second, plaintiffs in possession of an exclusive license but who lack "all substantial rights to the patent" may also sue for infringement, but only in the name of the patent holder. *Id.* at 1340. Finally, plaintiffs that "hold less than all substantial rights to the patent and lack exclusionary rights under the patent statutes" do not have standing to sue for infringement because they do not satisfy the injury-in-fact requirement under Article III. *Id.* at 1340–41. While Plaintiffs assert Defendants belong to the second category, and Defendants assert they belong to the third category, the result is largely the same: Either Defendants could not sue except for in NAB's name, or Defendants could not sue at all. Regardless, Plaintiffs do not have standing to seek declaratory relief against Defendants because Defendants cannot bring an action for infringement in their own name. NAB's dismissal deprived the Court of jurisdiction over Count One.

Because Plaintiffs do not have standing, the Court lacks jurisdiction to consider Count One. And as Count One is Plaintiffs' sole claim arising under the Court's original jurisdiction, the Court no longer has supplemental jurisdiction over the remaining state-law claims.[2] *Herman Fam. Revocable Tr.*, 254 F.3d at 805 ("[W]here there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims under § 1367."). Having determined it lacks jurisdiction, the Court can no longer consider any issue arising out of this action and will dismiss it without prejudice. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988).

/ / /

---

[1] NAB, as the assignee of all patent rights to SY 158T, fell in this first category.

[2] Diversity jurisdiction is unavailable because Defendants and Plaintiff Arizona Grain, Inc. are both incorporated under the laws of Arizona. (Doc. 16 at 2); 28 U.S.C. § 1332(a)(1), (c)(1).

- 4 -

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants' Rule 12(b)(1) Motion to Dismiss Count I of the First Amended Complaint (Docs. 223, 224) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Dismiss Action Pursuant to Fed. R. Civ. P. 41(A)(2) (Doc. 215) is **DENIED** as moot.

**IT IS FURTHER ORDERED**, good cause appearing, that Defendants' Motion for Leave to File Motion Regarding Attorneys' Eyes Only Designation and Declaration of Emma Cone-Roddy Under Seal (Doc. 217) is **GRANTED**, but the underlying Motion Regarding Attorneys' Eyes Only Designation (lodged under seal at Doc. 218 and lodged at Doc. 219) is **DENIED** as moot. The Clerk of Court is directed to file under seal the lodged Defendants' Motion Regarding Attorneys' Eyes Only Designation (Doc. 218). The Clerk of Court is then directed to file the Defendants' Motion Regarding Attorneys' Eyes Only Designation (Redacted) lodged at Doc. 219.

**IT IS FURTHER ORDERED**, good cause appearing, that Plaintiffs' Motion for Leave to File Response in Opposition to Defendants' Motion Regarding Attorneys' Eyes Only Designation and Declaration of Eric Wilkey Under Seal (Doc. 229) is **GRANTED.**

**IT IS FURTHER ORDERED**, good cause appearing, that Defendants' Motion for Leave to File Reply in Support of Motion Regarding Attorneys' Eyes Only Designation Under Seal (Doc. 236) is **GRANTED**. The Clerk of Court is directed to file under seal the lodged Defendants' Reply in Support of Motion Regarding Attorneys' Eyes Only Designation (Doc. 237). The Clerk of Court is then directed to file Defendants' Reply in Support of Motion Regarding Attorneys' Eyes Only Designation (Redacted) lodged at Doc. 238.

**IT IS FURTHER ORDERED** that Plaintiffs' Partially Unopposed Motion for Extension of Time to Submit Claim Construction Briefing (Doc. 171) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Extend Fact Discovery Deadline or, in the Alternative, for Status Conference (Doc. 174) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time to

1 | File Response to APB's Motion to Voluntarily Dismiss (Doc. 220) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court terminate this action without prejudice.

Dated this 3rd day of January, 2022.

_____
G. Murray Snow
Chief United States District Judge